UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-040 |
| JOSEPH J. MOGAN, III | SECTION "E" |

### ORDER AND REASONS

Before the Court is an Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Petitioner Joseph J. Mogan, III.[1] For the following reasons, the motion is **DENIED WITHOUT PREJUDICE**.

### BACKGROUND

On October 29, 2014, Petitioner pleaded guilty to conspiring to dispense controlled substances and conspiring to commit money laundering.[2] On March 18, 2015, the Court sentenced Petitioner to 97 months of incarceration, followed by a three-year term of supervised release.[3]

At the time Petitioner filed his motion, he represented he suffered from recurring pneumonia and bronchitis.[4] Due to his pulmonary health issues, Petitioner feared he had a "high risk of contracting and dieing [sic] from COVID-19."[5] In light of these concerns, Petitioner requested on April 8, 2020 that his case manager at the Federal Medical Center ("FMC") in Fort Worth, Texas, where he is incarcerated, recommend him to the Bureau of Prison ("BOP") for home confinement, pursuant to § 12003(b)(2) of the Coronavirus

---

[1] R. Doc. 210. Sealed medical records are attached to Petitioner's motion. R. Doc. 210-1. The Government file a sealed opposition. R. Doc. 216. Sealed medical records are attached to the Government's opposition. R. Doc. 216-1. Petitioner filed a supplement to his motion. R. Doc. 217.
[2] R. Doc. 127.
[3] R. Doc. 174.
[4] R. Doc. 210 at 2.
[5] *Id*. at 4.

1

Aid, Relief, and Economic Security Act ("CARES Act").[6] According to the Government, on April 23, 2020, the Warden at FMC approved Petitioner for home confinement.[7] On April 30, 2020, the applicable BOP re-entry manager approved home confinement for Petitioner to begin May 28, 2020.[8]

As the Government explains, "as [Petitioner] grew impatient with the BOP's efforts to provide him home confinement pursuant to § 12003(b)(2) . . . he filed this release motion with the court" on April 20, 2020.[9] In Petitioner's compassionate release motion, he seeks relief only under § 3582(c)(1)(A),[10] specifically asking the Court to reduce his sentence to "time-served," or, alternatively, to "time served followed by a term of supervised release [in home confinement]."[11] Petitioner does not raise any claims under § 12003(b)(2) of the CARES Act in his motion.[12]

Petitioner's case manager presented a request for home confinement to BOP pursuant to § 12003(b)(2), but Petitioner made no similar attempt to make a request to BOP for compassionate release pursuant to § 3582(c)(1)(A). As the Government represents, "BOP currently has no record that [Petitioner] has requested compassionate release with termination of incarceration and only supervised release [pursuant to

---

[6] R. Doc. 210 at 4.
[7] R. Doc. 216 at 2 (sealed).
[8] *Id.*
[9] *Id.* at 6.
[10] R. Doc. 210 at 1, 5.
[11] *Id.* at 1.
[12] *See id.* at 4-5 (providing that Petitioner decided to file this motion seeking relief under § 3582(c)(1)(A) after BOP did not act "quickly enough" with respect to his separate request for home confinement pursuant to § 12003(b)(2)). Petitioner does not have a right to seek relief under § 12003(b)(2) of the CARES Act if he does not obtain the relief he seeks from BOP. Section 3582(c)(1)(A) contains language specifically creating an opportunity for a prisoner to seek a reduction in his sentence from the Court: "the court, . . . *upon motion of the defendant* . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)[.]." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). By contrast, § 12003(b)(2) does contain such statutory authorization. Without such statutory authorization, the Court lacks authority to move a prisoner from prison to home confinement.

§ 3582(c)(1)(A)]. Nor does the BOP have a record of [Petitioner] exhausting his administrative remedies since no compassionate release request was ever made."[13]

Unfortunately, on April 23, 2020, three days after Petitioner filed the instant Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Petitioner tested positive for COVID-19.[14] Under current BOP guidelines, because Petitioner has tested positive for COVID-19, he cannot be released until after he has been isolated in custody, tested negative for symptoms of the virus, and has been quarantined for fourteen days following a negative test.[15] On May 18, 2020, the Assistant United States Attorney ("AUSA") provided the Court with updated medical records reflecting that as of May 12, 2020, Petitioner was still testing positive for COVID-19 and, as a result, Petitioner is remains in COVID-19 isolation at FMC.

The AUSA also provided the Court with a letter from a Probation Officer for the United States District Court for the District of Colorado denying Petitioner's request for prerelease/relocation to home confinement under § 12003(b)(2) at this time. As the letter details, if Petitioner were released to home confinement, he would be confined to his mother's home in Aurora, Colorado. Petitioner's mother is 87 years old and was hospitalized last year for pneumonia. As a result, she has grave concerns about her susceptibility to COVID-19. In light of these concerns, Petitioner's mother requested

---

[13] R. Doc. 216 at 10 (sealed). Although the Government contends Petitioner's motion must be denied for failure to comply with the mandatory exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A), the Government asks the Court to deny the motion without prejudice. *Id.* at 6. The Government further contends that, even if Petitioner had exhausted his administrative remedies under § 3582(c)(1)(A), reducing Petitioner's sentence to time served with home confinement as a condition of supervised release would be ill-advised at this time, in light of Petitioner's current COVID-19 diagnosis.
[14] R. Doc. 216-1 at 17 (sealed).
[15] *See* "Updates to BOP COVID-19 Action Plan: Inmate Movement", Federal Bureau of Prisons, *available at* https://www.bop.gov/resources/news/20200319_covid19_update.jsp; *see also* "BOP Implementing Modified Operations," Federal Bureau of Prisons, *available at* https://www.bop.gov/coronavirus/covid19_status.jsp.

3

Petitioner be quarantined in a hotel for fourteen days prior to arriving at her home. She also requested waiver of Petitioner's supervised release conditions requiring Petitioner to be employed, due to her fear that COVID-19 exposure could occur in a workplace. As the Probation Officer explained, Petitioner's mother's requests may be impractical. In addition to the concern that Petitioner may expose his aging mother to COVID-19, the Probation Officer noted two additional concerns with releasing Petitioner to home confinement. First, further pre-planning and verification are needed to ensure the electronic devices in Petitioner's mother's home are either removed or not capable of connecting to the internet. Petitioner's offense conduct involved child pornography and thus the conditions of his supervised release mirrors those frequently assigned to sex offenders. Second, the Probation Officer noted Petitioner only intends to stay with his mother during home confinement; after completion of his prison sentence, he wants to reside in Texas because "Texas doesn't permit the IRS to garnish wages." As a result, the Probation Officer determined, two years of home confinement with his mother would not help Petitioner reintegrate into the environment where he intends to ultimately live.

## LAW AND ANALYSIS

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[16] Finality is an important attribute of criminal judgments, and one "essential to the operation of our criminal justice system."[17] Consistent with the principle of finality, 18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[18] As relevant in this case, 18

---

[16] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).
[17] *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion).
[18] 18 U.S.C. § 3582(c).

4

U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[19] However, courts may only consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons if the exhaustion requirements of § 3582(c)(1)(A) are met. Specifically, § 3582(c)(1)(A) mandates courts may only consider such motions "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[20] With respect to the option for the motion to be brought by the defendant, "[c]ourts have recognized [this option] impose[s] a mandatory requirement that a defendant submit a request to the warden of her facility before filing in court."[21] Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions.[22]

If a court finds a petitioner has satisfied the requirements for compassionate release, including the mandatory exhaustion requirements of § 3582(c)(1)(A), and grants a sentence reduction, the court may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[23] In imposing a term of supervised release, the court may impose a

---

[19] *Id.* § 3582(c)(1)(A).
[20] *Id.*
[21] *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019) (citing *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019)).
[22] United States v. Fisher, 1:18-cr-00118-MR-WCM-1, 2020 WL 2411796, at * (E.D. La. May 12, 2020); *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).
[23] 18 U.S.C. § 3582(c)(1)(A).

period of home confinement as a condition, provided the court finds home confinement is a "substitute for imprisonment."[24] As a "substitute for imprisonment," this supervised release term substitutes only for the term of imprisonment, to be followed by the original term of supervised release imposed at sentencing. Alternatively, upon finding a petitioner has satisfied the compassionate release statute, including the mandatory exhaustion requirements of § 3582(c)(1)(A), the court may consider reducing the petitioner's term of imprisonment to time-served and modifying the existing term of supervised release to add a period of home confinement.[25]

In this case, BOP has not filed a motion to reduce Petitioner's sentence. As a result, the Court can consider Petitioner's instant motion seeking immediate release to home confinement only if either (A) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (B) "30 days [have lapsed] from the receipt of [a defendant's request to bring a motion] by the warden of the defendant's facility."[26] As the Government points out, "BOP has no record that [Petitioner] ever initiated any request to the BOP to obtain compassionate release."[27] As a result, Petitioner has failed to make the requisite showing that he has fully exhausted all administrative rights or that thirty days have passed since the receipt of a request by the warden of his facility, as Petitioner never initiated any such request in the first instance. Because the Court cannot consider Petitioner's request, to reduce his sentence to time served, or to reduce his sentence with home confinement as a condition of supervised release, until he has complied with the exhaustion requirements of §

---

[24] U.S.S.G. § 5F1.2; *see* 18 U.S.C. § 3583(d).
[25] *See* U.S.S.G. § 5F1.2; 18 U.S.C. § 3583(e)(2).
[26] 18 U.S.C. § 3582(c)(1)(A).
[27] R. Doc. 216 at 6 (sealed).

6

3582(c)(1)(A), the Court must deny without prejudice the instant motion for failure to comply with the mandatory exhaustion requirements under § 3582(c)(1)(A).

The Court further notes that, even if Petitioner had properly exhausted his administrative remedies, multiple considerations nevertheless weigh against reducing Petitioner's sentence to time served, or to time served with home confinement as a condition of supervised release, at this time.[28] As the circumstances are now, releasing Petitioner from FMC will not provide him with the protection sought by his motion—relief from the risk of contracting COVID-19. If anything, reducing Petitioner's sentence to time served, or to time served with home confinement as a condition of supervised release, would only serve to risk further spreading COVID-19 to members of the public, including Petitioner's mother. At 87 years old and with a record of recent hospitalization for pneumonia, Petitioner's mother is likely susceptible to contracting COVID-19. Pursuant to current BOP guidelines, the safest course of action for Petitioner's mother and the public is to wait to release Petitioner until at least fourteen days after he has tested negative for COVID-19 symptoms. Based on the medical records provided by the AUSA, Petitioner's COVID-19 symptoms are being diligently monitored and treated by BOP Health Services. In addition to the COVID-19 health concerns, several other issues are posed by Petitioner's request for a reduction of his sentence with home confinement as a condition of supervised release.[29] Accordingly;

---

[28] Because § 3582(c)(1)(A) provides the Court "*may* reduce the [Petitioner's] term of imprisonment," the Court is not required to grant Petitioner's motion for compassionate release, even if Petitioner had complied with the statute's mandatory exhaustion requirements. 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[29] Petitioner "requests that the Court appoint an attorney if this motion is deficient or lacking in record to cure any deficiencies . . ." R. Doc. 210 at 8-9. There is no general constitutional right to appointed counsel in post-conviction proceedings, *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). There is likewise no statutory right to appointment of counsel in bringing a § 3582(c) motion. *United States v. Rodriguez*, Crim. Action. No. 2:10-CR-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015). "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *Id.* (citing *United States v. Robinson*, 542 F.3d 1045, 1051-52 (5th

**CONCLUSION**

**IT IS ORDERED** that Petitioner's Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED WITHOUT PREJUDICE**, to be refiled after Petitioner has fully exhausted all administrative rights to appeal a failure of BOP to bring a motion on Petitioner's behalf or the lapse of thirty days from the receipt of such a request by the warden of the Petitioner's facility, whichever is earlier.

**IT IS FURTHER ORDERED** that the Government shall send a letter, to the Court's efile address, efile-Morgan@laed.uscourts.gov, providing a status report on Petitioner's health and his request for relief, no later than **June 2, 2020**.

**New Orleans, Louisiana, this 19th day of May, 2020.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

Cir. 2008) (appointing counsel on appeal in contested § 3582(c) proceeding)). In this case, the interests of justice do not warrant appointment of counsel at this time. As described above, given Petitioner's current COVID-19 diagnosis, granting his request would not enable him to obtain the relief he sought by filing this motion—avoiding contracting COVID-19.